**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUDOLFO LUCERO,

      Plaintiff - Appellant,

v.

LAWRENCE TAFOYA, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Defendants - Appellees.

No. 01-2285
(D.C. No. CIV-01-90 LH/DJS)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Rudolfo Lucero, a New Mexico inmate appearing *pro se*, seeks a certificate of appealability (COA) to appeal the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because petitioner has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his request and dismisses this appeal. *Id.* § 2253(c)(2).

On May 19, 1999, petitioner pled no contest, pursuant to a plea agreement, to one count of aggravated battery of a household member. He was adjudged to be a habitual offender and sentenced to a prison term of seven years. Petitioner filed a timely notice of appeal to the New Mexico Court of Appeals, claiming his speedy trial rights were violated and he received ineffective assistance of counsel. The New Mexico Court of Appeals dismissed the appeal on November 3, 1999, ruling that petitioner had knowingly and voluntarily waived his right to appeal in connection with his guilty plea and had not alleged his counsel was ineffective in counseling his plea agreement. On December 8, 1999, petitioner filed a *pro se* state habeas corpus petition, again raising his speedy trial rights and ineffective assistance of counsel claims. The state district court summarily dismissed his petition on December 15, 1999.

-2-

Petitioner then submitted a *pro se* petition for writ of certiorari with the New Mexico Supreme Court on January 18, 2000. That court refused to accept the submission because it was untimely filed pursuant to New Mexico procedural rules requiring petitions for certiorari be filed within thirty days of the district court's decision. Petitioner filed a motion with the New Mexico Supreme Court arguing that he delivered his certiorari petition to prison officials on January 13 and, therefore, it should be considered timely by application of the prisoner "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that *pro se* prisoner's federal notice of appeal deemed "filed" when delivered to prison officials). The New Mexico Supreme Court ordered briefing on the application of the prisoner mailbox rule, but ultimately denied the motion without discussion on February 16, 2000. Petitioner filed a motion with the state district court on June 1, 2000, to correct an illegal sentence, which was denied on September 21, 2000.

On January 19, 2001, petitioner filed the instant application for federal habeas relief, alleging that his speedy trial rights were violated, he was denied effective assistance of counsel and that he received an illegal sentence. The district court, adopting the magistrate judge's recommendation, denied the petition. It ruled that petitioner had procedurally defaulted his claims in state court and had failed to demonstrate cause and prejudice for this default or that

-3-

failure to address the claims in federal court would amount to a fundamental miscarriage of justice. The district court denied petitioner a COA.

In his opening brief and application for COA, petitioner reasserts the claims in his habeas petition and claims the mailbox rule should have been applied in determining when his state petition for certiorari was filed. As noted above, to obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies a petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not met this standard. In *Adams v. LeMaster*, 223 F.3d 1177, 1183 (10th Cir. 2000), *cert. denied*, 531 U.S. 1195 (2001), this court held that the mailbox rule did not apply to state habeas petitions in New Mexico. Although *Adams* addressed the issue of when a habeas corpus petition was "properly filed" in state district court for purposes of 28 U.S.C. § 2244(d), this court also discussed application of the mailbox rule to petitions for certiorari filed in the New Mexico Supreme Court:

> [I]n habeas cases once a petitioner "files" a petition for certiorari with the New Mexico Supreme Court, the petition is deemed denied if "certiorari is not granted by the Supreme Court within thirty (30) days after filing." N.M. R. Crim. P. 5-802G(3). While we are unable to find any case law on point, it strains credulity to argue the

thirty-day period begins running prior to the petition's arrival at the
New Mexico Supreme Court.

*Id*. at 1182.  In other words, filing of a petition for certiorari in New Mexico must

occur within thirty days of the district court's decision and is not subject to the

mailbox rule.

      Petitioner's request for a COA is DENIED.  The appeal is DISMISSED.

                 Entered for the Court


                 Bobby R. Baldock
                 Circuit Judge